<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH C. OSTERBYE, as Administrator of the ESTATE OF ANNA MAY OSTERBYE, and THE ESTATE OF ANNA MAY OSTERBYE, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Civil Action No. 19-17349 (MAS) (ZNQ) <br><br> **MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendant Selective Insurance Company of America's ("Selective") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 8.) Plaintiffs Joseph C. Osterbye, as Administrator of the Estate of Anna May Osterbye, and the Estate of Anna May Osterbye opposed (ECF No. 14), and Selective replied (ECF No. 15). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Selective's Motion is denied.

---

[1] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

I.      **BACKGROUND**[2]

On or about April 25, 2009, Plaintiffs' decedent, Anna May Osterbye ("Osterbye"), a Medicare beneficiary, was injured in a fire at her home. (Compl. ¶¶ 12, 19, ECF No. 1.) The fire allegedly resulted from the negligence of a plumbing contractor, who was insured by Selective. (*Id.* ¶ 13.) In 2011, Osterbye initiated suit against the contractor. (*Id.* ¶ 14.)

Prior to trial, the parties agreed to mediation and ultimately settled the matter. (*Id.* ¶¶ 17, 22.) The settlement was for a lump sum in the amount of $740,000 based on known damages, including $13,562.90 that Medicare estimated it would seek for reimbursement of conditional payments. (*Id.* ¶¶ 18, 20, 24.) On April 29, 2013, Plaintiffs executed a Release, under which Plaintiffs "release[d] and g[a]ve up any and all claims and rights which [Plaintiffs] may have against [the plumbing contractor]." (Release ¶ 1, Ex. A to Williams Certification, ECF No. 8-2 at *4.[3]) Plaintiffs also "agree[d] that [they] will not seek anything further[,] including any other payment." (*Id.* ¶ 2.)

Upon the parties' settlement, Plaintiffs reimbursed $13,562.90 to Medicare. (*Id.* ¶ 25.) On June 4, 2013, however, Medicare issued a final demand letter for an additional amount of $118,071.28. (Demand Letter, Ex. B to Williams Certification at *11, ECF No. 8-2.) Plaintiffs allege that Selective had initiated a separate conditional payment claim with Medicare and failed to inform Plaintiffs of this separate claim. (Compl. ¶¶ 62, 64.) This separate claim resulted in

---

[2] The Court accepts all well-pleaded factual allegations as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The Court further considers "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), and "matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[3] Page numbers preceded by an asterisk refer to page numbers of the ECF header.

Medicare claiming the additional lien—an amount that was not factored in the parties' settlement. (*Id.* ¶ 63.)

Plaintiffs proceeded to exhaust administrative appeals with Medicare. (*See* Compl. ¶¶ 27–28.) On June 26, 2019, the Medicare Appeals Council dismissed Plaintiffs' request for review. (*Id.* ¶ 29.) On August 28, 2019, Plaintiffs initiated this action against the United States of America, the Secretary of Health and Human Services, United States Department of Health (collectively, "Federal Defendants"), and Selective. (*See generally id.*) On May 4, 2020, Plaintiffs and Federal Defendants stipulated to the dismissal of Federal Defendants with prejudice. (ECF Nos. 18, 19.)

Selective is the remaining defendant. Plaintiffs allege that Selective failed to reimburse Medicare for Osterbye's medical expenses under the Medicare Secondary Payer Act ("MSP"), 42 U.S.C. § 1395y(b)(3)(A). (Compl. ¶¶ 56, 58.) Plaintiffs further allege that Selective negligently initiated and failed to disclose a separate conditional payment claim with Medicare. (*Id.* ¶¶ 62–65.) Selective now moves to dismiss both counts for failure to state a claim. (ECF No. 8.)

## II.   LEGAL STANDARD

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (alteration in original). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations and citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-

3

unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

The Third Circuit "permit[s] a [statute of] limitations defense to be raised by a motion under Rule 12(b)(6) only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks and citation omitted). A claim will not be dismissed under Rule 12(b)(6), "if the bar is not apparent on the face of the complaint." *Id.* (internal quotation marks and citation omitted).

## III.   DISCUSSION

### A.   Dismissal Based on Statute of Limitations Defense

#### 1.   Plaintiffs' MSP Claim

Selective argues that Plaintiffs' MSP claim is time-barred because Medicare sent its final conditional payment letter on June 4, 2013 and Plaintiffs failed to bring a claim against Selective within six years of that notice. (Def.'s Moving Br. 11–20, ECF No. 8-1.) Plaintiffs argue that § 1395y(b)(3) does not contain a statute of limitations and that, even if a statute of limitations is imposed, Plaintiffs' claim is equitably tolled because Plaintiffs were required to exhaust administrative remedies through Medicare before filing suit in federal court. (Pls.' Opp'n Br. 7–8, ECF No. 14.) On reply, Selective argues that Plaintiffs were not required to exhaust administrative remedies with Medicare before bringing a private cause of action against Selective. (Def.'s Reply Br. 3, ECF No 15.)

4

Here, the parties' arguments set forth two issues: (1) Must a plaintiff exhaust administrative remedies with Medicare prior to initiating suit under the MSP's private cause of action? (2) What statute of limitations is applied to a private right of action under the MSP? Because the Court finds that Plaintiffs were required to exhaust administrative remedies with Medicare before filing a claim under the MSP, the Court declines to consider the statute of limitations issue.

Prior to the enactment of the MSP, "Medicare paid its beneficiaries' medical expenses, even if beneficiaries could recoup them from other sources, such as private health insurance." *Taransky v. Sec'y of U.S. Dep't of Health & Human Servs.*, 760 F.3d 307, 310 (3d Cir. 2014). To "curb skyrocketing health costs and preserve the fiscal integrity of the Medicare system," Congress enacted the MSP. *Fanning v. United States*, 346 F.3d 386, 388 (3d Cir. 2003).

Under the MSP, when a Medicare beneficiary is also covered by private insurance, the private health plan is primarily responsible for the beneficiary's medical bills, whereas Medicare is only responsible for amounts not covered by the primary plan.[4] *Id.* at 389 (citation omitted). Essentially, the MSP "keep[s] the government from paying a medical bill where it is clear an insurance company will pay instead." *Id.* (citation omitted).

Where a primary payer does not or cannot promptly pay a bill, however, Medicare conditionally pays on behalf of the beneficiary and is entitled to reimbursement for that payment. *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 685 F.3d 353, 358 (3d Cir. 2012) (citing § 1395y(b)(2)(B)(i)). If the primary plan fails to reimburse Medicare, Medicare beneficiaries and other private entities may pursue reimbursement of Medicare's conditional payments from a primary plan through the MSP's private cause of action. § 1395y(b)(3).

---

[4] A "primary plan" is "a workmen's compensation law or plan, an automobile or liability insurance policy or plan (including a self-insured plan) or no[-]fault insurance[.]" 42 U.S.C. § 1395y(b)(2)(A)(ii).

"The Medicare Act prevents courts from exercising jurisdiction under 28 U.S.C. § 1331 when a claim 'arises under' the statute—a concept that has been read broadly by the Supreme Court." *Taransky*, 760 F.3d at 321 (citing *Heckler v. Ringer*, 466 U.S. 602, 614–15 (1984) (interpreting 42 U.S.C. §§ 1395ii and 405(h)). A claim "arises under" the MSP when the statute "provides both the standing and the substantive basis for the presentation of [the plaintiffs']. . . contentions." *Id.* (citation omitted); *see also Potts v. Rawlings Co.*, 897 F. Supp. 2d 185, 192 (S.D.N.Y. 2012) ("A claim 'arises under' the Medicare Act (1) if 'both the standing and substantive basis' for the claim is the Medicare Act, or (2) if the claim is 'inextricably intertwined' with a claim for benefits under the Medicare Act." (citing *Heckler*, 466 U.S. at 614–15)). That is, where plaintiffs' "claim is rooted in, and derived from, the Medicare Act," the claim arises under the MSP and plaintiffs are required to exhaust administrative remedies before seeking judicial review.

Courts have found that "[c]laims concerning reimbursement of secondary payments" arise under the Medicare Act because they "are 'inextricably intertwined' with claims for benefits." *Potts*, 897 F. Supp. 2d at 192 (citation omitted). To that end, exhaustion requirements apply to MSP claims against private insurers. *Id.*; *see also Einhorn v. CarePlus Health Plans, Inc.*, 43 F. Supp. 3d 1329, 1332 (S.D. Fla. 2014) ("Medicare beneficiaries must exhaust administrative remedies under the Medicare Act before filing claims involving the [MSP] and the failure to [do] so deprives the district court of jurisdiction." (collecting cases)).

Here, the standing and substantive basis for Plaintiffs' claim against Selective for conditional payments § 1395y(b)(3)(A) is the Medicare Act. Said differently, Plaintiffs' claims are rooted in, and derived from, the Medicare Act. The Court, accordingly, finds Plaintiffs' MSP claim, arises under the Medicare Act, and Plaintiffs were required to exhaust administrative

remedies prior to filing suit against Selective. Because Plaintiffs did not exhaust administrative remedies until June 26, 2019, when the Medicare Appeals Council dismissed Plaintiffs' request for review (Compl. ¶ 29), Plaintiffs were unable to seek judicial review on their MSP claim until June 26, 2019. Only a couple of months lapsed when Plaintiffs initiated this suit on August 28, 2019. It is, therefore, not apparent on the face of Plaintiffs' Complaint that Plaintiffs' MSP private cause of action is time-barred, and the Court denies Selective's motion to dismiss Plaintiffs' MSP claim on statute of limitations grounds.

### 2.    Plaintiffs' Negligence Claim

Selective similarly argues that Plaintiffs' negligence claim is time-barred. (Def.'s Moving Br. 19–20.) It is unclear, however, whether Plaintiffs' negligence claim "arise[s] under the Medicare Act, notwithstanding the fact that [it is] framed as [a] state law claim[]." *Potts*, 897 F. Supp. 2d at 194. In the Complaint, Plaintiffs allege that Selective initiated a separate conditional payment claim with Medicare and failed to inform Plaintiffs of this separate conditional payment claim. (Compl. ¶¶ 62, 64.) The additional claim resulted in Medicare claiming the additional reimbursement amount. (*Id.* ¶ 63.) From these allegations, it appears that "[t]he merits of Plaintiffs' [negligence] claim[] necessarily turn[s] on the interpretation of the Medicare Act's secondary payer provisions," *Potts*, 897 F. Supp. 2d at 194, such that Plaintiffs' negligence claim could arise under the Medicare Act. Because Plaintiffs' MSP claim is nonetheless going forward, the Court finds it inappropriate at this stage to dismiss Plaintiffs' negligence claim on statute of limitations grounds.

### B.    Dismissal Based on Parties' Settlement Agreement

Selective argues that the Court should dismiss Plaintiffs' claims by enforcing the Release Plaintiffs executed on April 29, 2013. (Def.'s Moving Br. 22.) According to Selective, Plaintiffs

"release[d] and g[a]ve up any and all claims and rights which [Plaintiffs] may have" against Selective. (*Id.* (quoting Release ¶ 1).) Selective further argues that, by executing the Release, Plaintiffs waived their right to pursue the additional Medicare lien amount. (*Id.* at 23–24.) Plaintiffs argue that the Release is invalid: The parties' settlement was based on the original $13,562.90 Medicare lien—not the additional lien amount; the Release was, therefore, based on a "critical mistake of fact." (Pl.'s Opp'n Br. 9.) Plaintiffs argue that they, accordingly, did not waive their right to pursue Defendant for the additional lien amount. (*Id.* at 11–12.)

In New Jersey, courts employ a "strong policy of enforcing settlements . . . based upon the notion that the parties to a dispute are in the best position to determine how to resolve a contested matter in a way which is least disadvantageous to everyone." *Brundage v. Estate of Carambio*, 951 A.2d 947, 961 (N.J. 2008) (internal quotation marks and citation omitted). "In furtherance of this policy, [New Jersey] courts 'strain to give effect to the terms of a settlement wherever possible.'" *Id.* (citation omitted).

However, "[a] compromise which is the result of a mutual mistake is not binding and consent to a settlement agreement is not considered freely given when it is obtained as the result of a mistake." *Wallace v. Summerhill Nursing Home*, 883 A.2d 384, 386 (N.J. Super. Ct. App. Div. 2005) (citation omitted). The doctrine of mutual mistake applies when a "mistake was mutual in that both parties were laboring under the same misapprehension as to [a] particular, essential fact." *Bonnco Petrol, Inc. v. Epstein*, 560 A.2d 655, 659 (N.J. 1989). "Where a mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party." *Id.* (quoting Restatement (Second) of Contracts § 152 (Am. Law Inst. 1981)).

8

Here, whether the Release Plaintiffs executed should be nullified based on mutual mistake turns on the basic assumptions of the parties at the time of the release—a factual inquiry that is better left for a later time. It is enough that Plaintiffs allege that the settlement was for a lump sum based on known damages, including $13,562.90 that Medicare estimated it would seek for reimbursement of conditional payments (Compl. ¶¶ 18, 20, 24), and that the Release was not based on Medicare's additional lien (*id.* ¶ 63). The Court, therefore, declines to dismiss Plaintiffs' claims based on the terms of the Release.

IV.    **CONCLUSION**

For these reasons, the Court denies Selective's Motion to Dismiss. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**